IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK WASHINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al. | : | NO. 13-3278 |

ORDER

AND NOW, this 13th day of March, 2014, upon consideration of petitioner Malik Washington's pro se revised petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 4), our Order referring this matter to the Honorable M. Faith Angell for a report and recommendation (docket entry # 5), the Commonwealth's response (docket entry # 9), Judge Angell's report and recommendation ("R&R") (docket entry # 10), and Washington's objections thereto (docket entry # 11), and the Court finding that:

(a) A jury convicted Washington of second degree murder, burglary, carrying a firearm without a license, and criminal conspiracy on December 14, 2001, Commonwealth v. Washington, No. 1127 EDA 2002 (Pa. Super. Ct. Apr. 22, 2003), Comm. Resp. Ex. A at 2 (quoting trial court record);

(b) On March 13, 2002, Washington received a sentence of life imprisonment for the murder charge and two consecutive terms of imprisonment of two to five years for the firearms and conspiracy offenses, id. at 2-3;

(c) Washington filed a timely appeal, and the Superior Court rejected his claims and affirmed the judgment of sentence on April 22, 2003, see id. at 1;

(d) Washington did not seek discretionary review in the Pennsylvania Supreme Court, and he did not file a collateral challenge until July 6, 2012, when he filed a petition under Pennsylvania's Post Conviction Relief Act, R&R at 4;

(e) The Commonwealth writes that "Counsel was appointed, and, on September 11, 2013, filed a no-merit letter pursuant to Finley v. Pennsylvania, 481 U.S. 551 (1987) informing the court that the petition was untimely filed", and "[o]n October 16, 2013, the PCRA court dismissed the petition as untimely", Comm. Resp. at 3;

(f) On October 16, 2013, the PCRA court dismissed Washington's petition, see Court of Common Pleas of Philadelphia County Docket, Comm. Resp. Ex. B at 5;

(g) On June 5, 2013, Washington submitted a habeas petition pursuant to 28 U.S.C. § 2254, along with a "Motion for Stay and Abeyance" asking that we stay his habeas petition to permit exhaustion of the claim he brought pursuant to Miller v. Alabama, -- U.S. --, 132 S. Ct. 2455 (2012) in state court;

(h) On July 25, 2013, Washington filed a revised habeas petition on a current § 2254 form, which we referred to Judge Angell for her consideration;

(i) In the R&R, Judge Angell explained that 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for state prisoners seeking federal habeas relief, running from the latest of two dates relevant here -- "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review", § 2244(d)(1)(A) or "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review", § 2244(d)(1)(C);

(j)     Judge Angell found, and we agree, that "[t]o the extent Washington's habeas petition can be read as arguing that under § 2244(d)(1)(C) the appropriate start date for his habeas limitations period is the date on which Miller v. Alabama was decided by the United States Supreme Court (June 25, 2012), the Miller decision does not apply to Petitioner, who was twenty years old at the time he committed the murder" [1], R&R at 7;

(k)     Thus, we agree with Judge Angell's conclusion that the limitations period began to run on the date on which Washington's judgment became final, May 22, 2003[2];

(l)     Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation", and so if Washington's PCRA petition were "properly filed", its filing would toll the limitations period for his claim;

(m)     But as Judge Angell notes, in Pace v. DiGuglielmo, 544 U.S. 408 (2005), the United States Supreme Court held that "time limits . . . are 'filing' conditions", and where

---

[1] In Miller, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S. Ct. at 2460. According to the Court of Common Pleas docket, Washington was born on June 21, 1979, and the date of the complaint was June 19, 2000. See Court of Common Pleas of Philadelphia County Docket, Comm. Resp. Ex. B at 1. Washington was thus twenty when the crime was committed, a fact he concedes in his petition. See Pet. at 23 ("The Petitioner was 20 years old at the time of the homicide . . . ."). To be sure, as the Supreme Court acknowledged in Roper v. Simmons, 543 U.S. 551, 574 (2005), "[t]he qualities that distinguish juveniles from adults do not disappear when an individual turns 18", but Miller's holding is limited to sentences for those who were "under the age of 18 at the time of their crimes", and so Washington's case does not fall within Miller's scope.

[2] The Pennsylvania Superior Court denied Washington's direct appeal on April 22, 2003, and the time for Washington to seek allocator in the Pennsylvania Supreme Court thus expired on May 22, 2003. See Pa. R. App. P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed.").

"the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)", id. at 417;

  (n) Here, where the PCRA court rejected Washington's petition as untimely, it was not "properly filed" for the purposes of statutory tolling under § 2244(d)(2), and so the limitations period for Washington's § 2254 petition began to run on May 22, 2003 and ended on May 22, 2004, years before Washington filed the petition we consider here;

  (o) As the United States Supreme Court explained in Holland v. Florida, 560 U.S. 631 (2010), a habeas petitioner is entitled to equitable tolling of the statute of limitations where he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing", id. at 649 (quoting Pace, 544 U.S. at 418);

  (p) Here, Judge Angell found that "Washington does not argue, and I find nothing in the record to suggest, that the facts in this case rise to the level of extraordinary circumstances which warrant equitable tolling", R&R at 9;

  (q) We agree, and in his objections, Washington does not set forth a basis for equitable tolling, instead restating his argument that he is entitled to relief under Miller;

  (r) We will thus approve Judge Angell's Report and Recommendation and dismiss Washington's § 2254 petition;

  (s) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(t) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

(u) We do not believe that reasonable jurists could debate the conclusion that Washington's petition was not timely filed and that neither statutory tolling nor equitable tolling were warranted, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1. Petitioner's objections (docket entry # 11) are OVERRULED;

2. Judge Angell's report and recommendation (docket entry # 10) is APPROVED and ADOPTED;

3. For the reasons stated in (u) above, we DECLINE to issue a certificate of appealability; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.